UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO NARANJO-MENCHACA,<br><br>Defendant. | NO. CR-08-022-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 27).

Defendant pled guilty to illegal reentry in violation of 8 U.S.C. § 1326 and on July 9, 2008, was sentenced to 57 months incarceration, 3 years supervised release, and a $100 special penalty assessment (Ct. Rec. 25). Judgment was entered on July 11, 2008. Defendant did not file an appeal.

In his Motion, Defendant asserts that his Fifth and Sixth Amendment rights were violated when his counsel did not ask for a reduction under U.S.S.G. § 5K3.1, or let Defendant know that he was eligible for the reduction. The Court directed the Government to respond to Defendant's Motion (Ct. Rec. 28).

In its response, the Government reported that it never offered the Fast Track disposition in this case because Defendant did not meet the qualifications for the program under the Eastern District of Washington Fast Track policy. The Government indicates that Defendant's counsel was advised that the Fast Track

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1**

offer was not available.

The Court finds that Defendant has not established he was denied effective assistance of counsel when his counsel failed to secure a reduction under U.S.S.G. § 5K3.1.  Section 5K3.1 states,

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

As the clear language of this section indicates, before the Court can depart, the Government must first make a motion for the departure.  The Government is not required to do so, and in this case, has demonstrated that it chose to exercise its discretion to not do so in this case, due to the fact that Defendant had already taken advantage of the Fast Track disposition in another district, Defendant's criminal history showed serious acts of violence, and the fact that Defendant had been previously deported at least five times.

Defendant has not alleged any specific facts, which, if true, would entitle him to relief.  The Court finds that an evidentiary hearing is not necessary.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 27) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 11th day of September, 2009.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2008\Naranjo\deny.wpd

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** ~ 2